# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3568

_____

United States of America,          *
                                    *
        Appellee,         *
                                    *   Appeal from the United States
      v.                       *   District Court for the
                                    *   Western District of Missouri.
Deron E. Jackson,            *
                                    *   [UNPUBLISHED]
        Appellant.      *

_____

Submitted: October 19, 2009
Filed:  October 26, 2009

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Deron Jackson pleaded guilty to aiding and abetting the possession of more than five grams of cocaine base (commonly known as "crack" cocaine) with the intent to distribute in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) & (b)(1)(B).  The district court[1] determined Jackson was a career offender and sentenced him to 262 months, which was the low end of the applicable advisory Guidelines range.

_____

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

Jackson appeals, asserting his sentence is unreasonable. He concedes the district court committed no procedural errors, see Gall v. United States, 552 U.S. 38, __, 128 S.Ct. 586, 597 (2007) (explaining the two-step procedural and substantive review employed by the appellate courts in sentencing appeals), but contends the district court abused its discretion in denying his request for a downward variance because of the relatively minor nature of one of the predicate felonies that triggered career offender status (the sale of one marijuana cigarette) and the substantial steps Jackson had taken in the year before his conviction to pursue a career as a barber.

The record reflects the district court properly considered Jackson's request for a downward variance, but declined to vary downward. There is nothing to indicate the district court failed to consider a relevant factor, gave significant weight to an improper or irrelevant factor, or made a clear error of judgment in sentencing Jackson. See United States v. Torres, 552 F.3d 743, 748 (8th Cir. 2009) (setting forth the circumstances which can indicate a sentencing court has abused its discretion and imposed an unreasonable sentence).

We therefore affirm the judgment of the district court.

_____